Vicki Marolt Buchanan, Esquire, Sonoma, CA, for Defendant–Appellant.

Before: WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

### MEMORANDUM **

Rafael Ruiz–Ruiz appeals from the district court's judgment and challenges the 24–month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ruiz–Ruiz first contends that the district court abused its discretion by denying the parties' joint recommendation for a fast-track departure under U.S.S.G. § 5K3.1. Contrary to Ruiz–Ruiz's argument, the record reflects that the district court properly based its denial of the fast-track departure on individualized factors and not on a blanket policy of denying fast-track departures to a certain group of defendants. *See United States v. Rosales–Gonzales,* 801 F.3d 1177, 1183–84 (9th Cir. 2015).

We likewise reject Ruiz–Ruiz's argument that the district court's denial of the fast-track departure was improper because it interfered with the prosecutor's exercise of discretion in plea bargaining. *See id.* at 1183.

Finally, Ruiz–Ruiz argues that his sentence is substantively unreasonable in light of the court's denial of the fast-track departure and its focus on the need for deterrence. The district court did not abuse its discretion. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Ruiz–Ruiz's immigration history. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586; *United States v. Gutierrez–Sanchez,* 587 F.3d 904, 908 (9th Cir.2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**

Rolando **RIVERA–IBANEZ,** Petitioner,

v.

Loretta E. **LYNCH,** Attorney General, Respondent.

No. 08–72811.

United States Court of Appeals, Ninth Circuit.

---

Submitted Dec. 9, 2015.*

Filed Dec. 15, 2015.

Jorge Ivan Rodriguez–Choi, Esquire, Law Offices of Jorge Rodriguez–Choi, Oakland, CA, for Petitioner.

Patrick James Glen, Esquire, OIL, Janice Kay Redfern, Esquire, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

MEMORANDUM **

Rolando Rivera–Ibanez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *see Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition for review.

Substantial evidence supports the BIA's determination that Rivera–Ibanez failed to establish a protected ground was "one central reason" for harm he suffered or fears. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir.2009) ("The REAL ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution[.]"); *see also*

*Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir.2004) ("Random, isolated criminal acts perpetrated by anonymous thieves do not establish persecution."). Thus, Rivera–Ibanez's asylum and withholding of removal claims fail. *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir.2010).

Substantial evidence also supports the BIA's denial of CAT protection because Rivera–Ibanez failed to establish it is more likely than not that a government official would consent to or acquiesce in his torture by gang members if he returns to El Salvador. *See* 8 C.F.R. § 1208.18(a)(1); *see also Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.